**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **KATHLEEN LEININGER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 5:21-cv-1160** |
| | § | |
| **MARRIOTT INTERNATIONAL INC.,** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT MARRIOTT INTERNATIONAL, INC.'S
<u>SECOND NOTICE OF REMOVAL</u>**

Pursuant to 28 U.S.C. Sections 1441 and 1446, Defendant Marriott Worldwide Reservation Service, LLC ("Defendant"),[1,2] files this Second Notice of Removal, giving notice that it is removing this civil action to the United States District Court for the Western District of Texas, San Antonio Division, based on diversity jurisdiction.  In support, MWRS shows as follows:

### I. PROCEDURAL BACKGROUND

On August 18, 2020, Plaintiff Kathleen Leininger ("Leininger") filed this civil action, Cause No. 2020CI22598, in the 37th Judicial District of Bexar County, Texas, styled *Kathleen Leininger v. Marriott International Inc.  See* Ex. 1.

On November 25, 2020, Defendant was served with Plaintiff's Original Petition.  *See* Ex. 2.  True and correct copies of all process, pleadings, and orders served upon Defendant are attached and filed with Defendant's Notice of Removal as Exs. 1 through 4 and are incorporated herein by

---

[1] Leininger named Marriot International, Inc. ("MII") as the sole defendant in the case. While MII is a legal entity, at all relevant times, Leininger was employed by Marriott Worldwide Reservation Services, LLC ("MWRS"), rather than MII. *See* Declaration Lauri Moore, attached as Ex. 7. Regardless, as outlined below, neither MMI nor MWRS is a citizen of the state of Texas.

[2] To avoid confusion, the defendant entity (whether properly considered to be MII or MWRS) will be referred to as "Defendant.".

reference.   Defendant is the only party sued and served with Plaintiff's Original Petition. Therefore, all Defendants named and served have consented to removal.

In this lawsuit, Leininger alleges that Defendant violated the Tex. Labor Code Chapter 21, including subsections 21.051, 21.055.  Leininger seeks monetary relief in an amount described as "$100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees, as well as non-monetary relief."   *See* Ex. 1 at 1-2, ¶ 2. Leininger expressly "reserves the right to amend this statement to conform with the evidence." *Id*. at 2, ¶ 2.

On December 21, 2020, Defendant filed its answer in state court.  *See* Ex. 3.  On December 28, 2020, Defendant originally removed this action to this Court based on diversity. Leininger filed a motion to remand on January 27, 2021, and on September 27, 2021, the Honorable Fred Biery granted Leininger's motion. *See* Ex. 5. The Order held that the Petition was not removable because the case was not subject to removal on the face of the Petition, and Defendant failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Id.*

On September 30, 2021, Defendant requested that Leininger stipulate her damages to be no more than $74,999 by October 9, 2021. *See* Ex. 6. To date, counsel for Leininger has not delivered a signed stipulation to counsel for Defendant.

Defendant now removes this case to federal court a second time with record evidence and information establishing that the amount in controversy in this case is at least $75,000.

## II. DIVERSITY JURISDICTION IS PROPER

This Court has diversity jurisdiction over Leininger's state law claim that Defendant violated the Texas Commission on Human Rights Act ("TCHRA").  Diversity jurisdiction exists in a civil matter when (1) the amount in controversy exceeds $75,000, exclusive of interest and costs, and (2) the dispute is between citizens of different states.  Both requirements are met in this

case.  *See* 28 U.S.C. § 1332.

**A.**     **The Amount in Controversy Exceeds $75,000**

    1.     <u>Governing Law Regarding Amount in Controversy</u>

When determining the amount in controversy, courts presume that the plaintiff prevails in all of her claims. *See*, *e.g.*, *Fields v. Keith*, 2000 WL 748152, at *6 (N.D. Tex. 2000).  Federal courts ordinarily determine the amount in controversy based on the specific "good faith" sum demanded by the plaintiff in her state court petition. *See* 28 U.S.C. § 1446(c)(2).  "[T]he plaintiff's claim remains presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount." *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 387 (5th Cir. 2009) (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)).  This requirement can be satisfied if the defendant shows that "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).  If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy. *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir.1990).

Once a defendant shows that the amount in controversy more likely than not exceeds the jurisdictional amount, "the plaintiff must be able to show that, as a matter of law, it is *certain* that [the plaintiff] will not be able to recover more than the damages for which [she] has prayed in the state court complaint." *De Aguilar*, 47 F.3d at 1411 (emphasis added). The Fifth Circuit has suggested that a plaintiff may meet this obligation by citing a state law that prohibits recovery of damages in excess of those sought in the petition. *Id*. at 1412.  Absent such a statute, however, "[l]itigants who want to prevent removal *must* file a binding stipulation or affidavit with their

complaints[.]" *In re Shell Oil Co*., 970 F.2d 355, 356 (7th Cir.1992) (per curiam) (emphasis added).

      2.    <u>The Evidence Included with this Removal Conclusively Establishes that the Amount in Controversy is Greater than $75,000</u>

The evidence indicates that the value of Leininger's damages, if she were to prevail, would far exceed $75,000. In her Original Petition, Leininger requests the following elements of damages:

a.    Law[3] [sic] wages, past and future;
b.    Mental anguish, and emotional distress suffered in the past [sic]
c.    Mental anguish, and emotional distress which, in all reasonable probability, will be suffered in the future;
d.    Punitive Damages [sic]
e.    Reasonable attorneys' fees, expert fees, and costs; and
f.    Based upon the above enumerated damages, the plaintiff pleads for actual damages for the above damage elements in an amount the jury deems reasonable.

*See id*. at 5, ¶ 22(a-f).

First, in determining the value of Leininger's claim for lost past wages, Leininger was last employed on February 24, 2020, and her yearly salary at the time was $35,522.24. *See* Ex. 6. Based on this information, Leininger's back pay claim from February 25, 2020, through November 19, 2021, is approximately $61,604.32.[4] In addition, the annual value of Marriott's contributions to Leininger's health insurance benefits was $5,905.18, increasing Leininger's back pay claim for this same time period is approximately by $10,241.04[5] for a total of $71,845.36[6] in potential back pay and health insurance premiums, alone.

While the value of Leininger's claim for back pay, alone, nearly exceeds $75,000, when her claim for damages for past and future mental anguish and emotional distress, punitive damages,

---

[3] Presumably "lost" wages.
[4] Leininger's annual salary of $35,552.24 divided by 365 results in a daily rate of $97.32. There are 633 days between 2/25/20 and 11/19/21, and $97.32/day x 633 days = $61,604.32.
[5] $5,905.18 / 365 x 633 = $10,241.04.
[6] $61,604.32 + $10,241.04 = $71,845.36.

attorneys fees, expert fees, it is clear that the amount in controversy in this matter far exceeds $75,000. In particular, considering that at *minimum* Plaintiff's claim for statutorily provided compensatory and punitive damages is capped at $50,000, this represents a claim of over $120,000 before attorney's fees are considered.

These factors make clear that the amount in controversy is more than $75,000.  As the court noted in *Decker v. Fujicolor Processing, Inc.*, "because [plaintiff's] mental anguish, emotional distress, lost earnings capacity, and punitive damages claims potentially involve a substantial amount of damages, *it is possible that any one of those claims could exceed $75,000*." 1998 WL 160038, at *2, fn 5 (N.D. TX 1998) (citing *Allen v. R & H Oil & Gas Company,* 63 F.3d 1326, 1336 (5th Cir.1995) (punitive damages claim made jurisdictional minimum facially apparent) (emphasis added)); *see also, Johnson v. Dillard Dept. Stores, Inc.*, 836 F.Supp. 390, 394 (N.D.Tex. 1993) (facially apparent that mental anguish and personal injury claims exceeded the jurisdictional minimum); *Parga v. Kuehne + Nagel Inc.*, EP–08–CA–144–FM, 2008 WL 11333926, at * 5–6 (W.D. Tex. Nov. 12, 2008) ("Accordingly, based on Plaintiff's demand in her Amended Petition for multiple relief, her refusal to limit her damages, and the possibility Plaintiff could receive up to $300,000 in punitive damages based on K+N's number of employees pursuant to the Texas Labor Code, the Court finds Defendants have established Plaintiff is seeking and may actually recover more than $75,000 in damages."). The amount in controversy thus exceeds $75,000, satisfying the first prong of diversity jurisdiction.  *See* 28 U.S.C. § 1332(a).

**B.     This Dispute is between Citizens of Different States**

Per her Original Petition, Leininger "lives in Bexar County, Texas." *See* Ex. 1 at ¶ 6.  She is therefore a citizen of Texas.

For the purposes of diversity jurisdiction, a corporation is a citizen of its state of

incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). As Leininger correctly points out in her Original Petition, Defendant is a Delaware corporation. *See* Ex. 1 at ¶ 7.   Meanwhile, Defendant's corporate headquarters are located in Bethesda, Maryland,[7] making Defendant a citizen of the States of Delaware and Maryland.

Although Leininger filed suit against MII, she was in fact at all relevant times employed by MWRS, a limited liability company with its sole member being Marriott International Administrative Services, Inc. ("MIASI"). A limited liability company's citizenship is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008). MIASI is a Delaware corporation with its corporate headquarters located in Bethesda, Maryland. Ex. 8. Thus, like MII, MWRS is a Delaware corporation with its principle place of business in Bethesda, Maryland.

Because Leininger is a citizen of Texas, and both MII and MIASI are citizens of Delaware and Maryland, this civil action is a matter between citizens of different states, and the parties' citizenship is diverse within the meaning of 28 U.S.C. § 1332(a)(1).

### III. PROCEDURAL ALLEGATIONS

The Western District of Texas, San Antonio Division is the federal district and division that embraces the 37th Judicial District of Bexar County, Texas.   *See* 28 U.S.C. § 124(d)(3). Accordingly, removal to this Court is proper pursuant to 28 U.S.C. §§ 1441(a) and 1446.

### IV. CONCLUSION

WHEREFORE, Defendant MWRS respectfully requests this action be removed from the 37th Judicial District of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, and seeks all such other and further relief to which it may

---

[7] *See* https://marriott.gcs-web.com/corporate-overview, accessed 11/19/2021. *See also*, Declaration of Carol Frensilli, attached hereto as Ex. 8.

be justly entitled.

Dated November 19, 2021                    Respectfully submitted,


                                           */s/ Eric L. Vinson*
                                           Eric L. Vinson
                                           Texas Bar No. 24003115
                                           Federal ID No. 22186
                                           evinson@littler.com

                                           LITTLER MENDELSON, PC
                                           100 Congress Avenue, Suite 2126
                                           Austin, Texas  78701
                                           (512) 982-7250 (Telephone)
                                           (512) 982-7248  (Facsimile)

                                           **ATTORNEYS FOR DEFENDANT**


## <u>CERTIFICATE OF SERVICE</u>

On the 19th day of November 2021, I electronically submitted the foregoing document with the Clerk of the Court using the Electronic Case Filing system of the Court.  I hereby certify that I have served all parties, as follows:

***Via Electronic Case Filing:***
Joshua H. Sisam
Sisam & Associates LLP
110 Industrial Drive
Boerne, Texas 78006
(830) 428-0333 – Telephone
(830) 331-1027 – Facsimile
josh@sisam.com

**ATTORNEY FOR PLAINTIFF**
**KATHLEEN LEININGER**


                                           */s/ Eric L. Vinson*
                                           Eric L. Vinson