UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

KATHLEEN LEININGER,

*Plaintiff*,

v.                                            Case No.  SA-21-CV-01160-JKP

MARRIOTT INTERNATIONAL INC.,

*Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Kathleen Leininger's Motion to Remand. *ECF Nos. 3,5*. Defendant Marriot International, Inc. (Marriott) responded. *ECF No. 4*. Upon consideration, the Court concludes the Motion to Remand shall be **GRANTED**. Leininger's request for attorney fees, expenses, and costs is **GRANTED**. Leininger shall submit to this Court within five days of the date of this Memorandum Opinion and Order a motion for attorney fees, expenses, and costs incurred in filing and defending this second Motion to Remand, with requisite evidentiary support and documentation. The Clerk of the Court is **DIRECTED TO DELAY** sending a certified copy of this Order to the clerk of the state court until further Order from this Court following determination of the amount of attorney fees, expenses, and costs awarded.

### Factual and Procedural Background

On August 18, 2020, Leininger filed suit the 37th Judicial District Court of Bexar County, Texas, asserting a cause of action for violation of the Texas Labor Code and alleging Marriott discriminated against her, retaliated against her, and terminated her because of her age. Leininger seeks damages for: (1) lost wages, past and future; (2) mental anguish and emotional distress suf-

fered in the past; (3) mental anguish and emotional distress "which, in all probability, will be suffered in the future"; (4) punitive damages; (5) reasonable attorneys' fees, expert fees, and costs; and (6) "[b]ased on the above enumerated damages, the plaintiff pleads for actual damages for the above damage elements in an amount the jury deems reasonable." *ECF No. 1-3*. The state-court Petition also includes Leininger's Statement of Relief required by Texas Rule of Civil Procedure 47(c), in which she asserts she seeks "monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees, as well as non-monetary relief. Plaintiff reserves the right to amend this statement to conform with the evidence."[1] *Id. at pp. 2-3*.

On December 28, 2020, Marriott removed the action to federal court based upon diversity jurisdiction, asserting the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the dispute is between citizens of different states. The removed action, 5:20-cv-1467 ("1467 case"), was assigned to Judge Fred Biery. Leininger filed a Motion to Remand on January 27, 2021. *1467 case, ECF No.3*. Judge Biery granted the Motion to Remand on September 27, 2021. *Id. at ECF No.9*.

In the 1467 case, Marriott opposed remand arguing it was facially apparent from the face of the Petition that the damages sought exceed $75,000 due to Leininger's invocation of Texas Rule 47(c)'s provision seeking monetary relief of $100,000 or less and reserving the right to amend that statement to conform with the evidence. *1467 case, ECF No. 5, pp. 1-3*. Marriott focused on Leininger's request of "at least" damages for: lost wages, past and future; past and future mental an-

---

Plaintiff filed her lawsuit on November 19, 2020. On January 1, 2021, Rule 47(c) was amended to raise the amount of monetary relief to $250,000 or less. Rule 47 requires each state-court petition, except suits governed by the Family Code, to include a statement regarding the monetary relief sought. Tex. R. Civ. P. 47(c). This statement must contain one of five alternatives provided in the Rule: (1) only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs; or (2) monetary relief of $250,000 or less and non-monetary relief; or (3) monetary relief over $250,000 but not more than $1,000,000;  or (4) monetary relief over $1,000,000;  or (5) only non-monetary relief; ….

guish and emotional distress; punitive damages, and; reasonable attorneys' fees, expert fees, and costs. *Id. at pp. 2-3.* Marriott argued "Chapter 21 permits recovery of up to $300,000 in compensatory and punitive damages, in addition to attorneys' fees," and "[t]hese realities, alone, make clear that more than $75,000 is 'in controversy' by virtue of Leininger's pleadings." *Id. at pp. 4-5.*

In his Order granting Leininger's Motion to Remand, Judge Biery found "although the case as pleaded presents a close call, the Court is not convinced the defendant has satisfied its burden to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000." *1467 case, ECF No. 9, p. 8.* Judge Biery specifically addressed Marriott's argument pertaining to Leininger's compliance with Texas Rule 47(c), finding, "[w]ith respect to the facial attack, a plaintiff's mere recitation of or mere compliance with Rule 47(c), without more, does not establish the requisite amount in controversy." *Id. at pp. 8-9.* Following consideration of "defendant's contention that plaintiff has failed to stipulate her damages are less than $75,000," Judge Biery concluded that for the purpose of determining the diversity-jurisdiction amount in controversy, "a plaintiff's refusal to stipulate must be accompanied by other evidence that supports the proposition that plaintiff's damages exceed the minimum jurisdictional amount." *Id.*

Judge Biery noted that "Defendants frequently make such a showing by directing the Court to details of the damages sought by plaintiff or other facts in the petition that suggest damages are likely to exceed $75,000." However, Marriott "merely points to plaintiff's laundry list of damages, but there are no details to support any of the damage claims as the pleadings do not provide the Court with any details of plaintiff's wages or any other information surrounding plaintiff's employment." *Id. at p. 9.* With these findings, Judge Biery concluded Marriott failed to meet its burden to show by a preponderance of the evidence that the amount in controversy exceeds $75,000, and remanded the case based upon lack of subject matter jurisdiction.

Upon Judge Biery's Order, the case was transferred back to the 37th Judicial District Court of Bexar County on September 28, 2021. *1467 case, ECF Nos. 10,11*. On September 30, 2021, Marriott sent a written request to Leininger to stipulate her damages would be no more than $74,999. Leininger did not respond by the requested due date. On November 19, 2021, Marriott filed its Second Notice of Removal, initiating this present case in this federal court. *ECF No. 1*.

Marriott's Second Notice of Removal is based upon the same theory of diversity jurisdiction, asserting "the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the dispute is between citizens of different states." *Id*. Marriott now contends it satisfies its burden to show by a preponderance of the evidence that the amount in controversy exceeds $75,000 through Leininger's refusal to respond to its request that she stipulate to the amount of damages and an added declaration establishing her base salary and benefits at the time of her termination. Leininger filed this Motion to Remand. *ECF No. 3*.

## Legal Standard

### 1. Removal Generally

Removal of any civil action filed in a state court shall be to the federal district court "embracing the place where such action is pending." 28 U.S.C. § 1441(a). Particular to this case, federal courts hold original diversity jurisdiction over all civil actions between parties of diverse citizenship when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

When the plaintiff does not allege in the state court petition a specific amount of damages, the defendant removing the case must demonstrate by a preponderance of the evidence that the amount in controversy is greater than the requisite jurisdictional amount of $75,000. *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 387 (5th Cir. 2009) (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.), *cert. denied*, 516 U.S. 865 (1995)). The defendant may satisfy its' burden in two ways: "(1) it is apparent from the face of the Petition that damages are likely to exceed $75,000, or,

alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the facts in controversy that support a finding of the requisite amount." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Doubts or ambiguities regarding removal are to be construed against removal and in favor of remand. *Id.*

## 2. Propriety of Second Removal

"The Fifth Circuit recognizes a defendant's right to seek subsequent removals after remand." *S.W.S. Erectors v. Infax, Inc.*, 72 F.3d 489, 492 (1996). "As a general rule, once a case is remanded to state court, a defendant is precluded only from seeking a second removal *on the same ground*" as the first removal, although the theory (i.e. federal question or diversity) may be the same. *Id.* (emphasis in original). To preclude a defendant from seeking a second removal as a collateral attack of the prior remand order, any successive notices of removal must "be based on information not available at the prior removal." *See id.* at pp. 492-494; *Ashford v. Aeroframe Services, LLC*, 19-CV-610, 2020 WL 6948088, at *9 (W.D. La. May 29, 2020), report and recommendation adopted, 2:19-CV-610, 2020 WL 6947844 (W.D. La. July 2, 2020).

Inquiry to determine whether an attempted re-removal is "on the same ground" as the first removal, and thereby impermissible, concerns whether a new pleading or event makes the case removable. *See S.W.S. Erectors*, 72 F.3d at 492–93 (new facts discovered from a newly-acquired deposition are "a new paper or event that changed the facts regarding the removableness of the case."). Consequently, a defendant's second removal which refers to the same pleading or event that formed the basis of the first removal is impermissible; nevertheless, a defendant may file a second notice of removal when subsequent pleadings or events reveal a new and different basis for removal. *Id.*; *Dempster v. Lamorak Ins. Co.*, 435 F. Supp. 3d 708, 723 (E.D. La. 2020).

## Discussion

Marriott's first and second Notices of Removal are based upon the same theory of diversity jurisdiction. In this Second Notice of Removal, Marriott relies upon Leininger's failure to respond to

its request for stipulation of damages and an updated calculation of Leininger's alleged back pay and lost benefits as a "new paper or event that changed the facts regarding the removableness of the case."

The Original Petition is the live petition at the time of both removals. Accordingly, as found by Judge Biery, and as still holds true, it is not apparent from the face of the Petition that the amount in controversy is likely to exceed $75,000. Consequently, Marriott must set forth summary-judgment type evidence to establish by a preponderance of the evidence that Leininger's damages will exceed the jurisdictional amount of $75,000. *See Manguno*, 276 F.3d at 723. However, upon this second removal, Marriott may only rely upon a new event, new evidence, or "other paper" that changed the facts to make the case removable. *See S.W.S. Erectors*, 72 F.3d at 492–93. Marriott may not rely upon the same information available to it at the time of the first removal or any evidence or issue addressed by Judge Biery. *See id*.

In the 1467 case, Judge Biery addressed Marriott's grounds for removal based upon diversity jurisdiction of: (1) Leininger's failure to stipulate to damages, and (2) the face of the Petition revealed damages are likely to exceed $75,000. *1467 case, ECF No. 1.* Upon this second removal based upon diversity jurisdiction, Marriott presents as grounds for removal: (1) Leininger's failure to stipulate to damages, and (2) the face of the Petition revealed damages are likely to exceed $75,000. *ECF No. 1.* In response to Judge Biery's conclusion that it did not present summary-judgment type evidence, Marriott attempted to obtain Leininger's stipulation to damages and obtained a declaration attesting to Leininger's salary and benefits at the time of her termination. *ECF No. 1-9.* Based upon this declaration, Marriott calculates a portion of Leininger's damages as of November 19, 2021, to be $71,845.36. *ECF No. 1, p. 4.* Marriott presents these as new evidence, or "other paper" that makes the case removable.

Leininger's refusal to stipulate to damages in response to Marriott's request to do so is not new evidence and is not "other papers" which make the case removable on this second attempt. Leininger had not stipulated to damages at the time of the first removal, and Judge Biery specifically addressed this failure to stipulate to damages. A second refusal to stipulate to damages presents nothing new for this Court to address and presents nothing Judge Biery has not already reviewed upon the first removal. The law cited by Judge Biery still holds: Leininger's refusal to stipulate "is one factor but 'alone it is not reason to deny remand.'" Leininger's "refusal to stipulate must be accompanied by other evidence that supports the proposition that [her] damages exceed the minimum jurisdictional amount."

As other evidence to support the proposition that Leininger's damages exceed the jurisdictional amount, Marriott presents evidence consisting of a declaration by Lauri Moore attesting that Leininger was employed by Marriott until February 24, 2020, her annual salary on the date of her termination was $35,522.24, and the contribution toward her medical and dental insurance was $5,905.18. *ECF No. 1-9.* Marriott contends this declaration supports its proposition that an updated calculation of Leininger's potential back pay and health insurance premiums as of November 19, 2021, is $71,845.36. Based upon this proposition presented in its' Notice of Removal and Response to the Motion to Remand, Marriott contends it provides adequate proof that the amount in controversy will exceed the jurisdictional requisite of $75,000. *ECF No. 1, p. 4.*

First, Marriott's calculation is speculation, and not proper summary-judgment type evidence. Second, the evidence of Moore's declaration presents no new evidence and is not conclusive regarding the amount in controversy. Finally, these facts regarding Leininger's salary and benefits were available to Marriott at the time of the first removal. Leininger could have presented Moore's declaration in the previous removal, but did not. Moore's declaration presents no newly discovered evidence or facts not available previously. Marriott failed to satisfy its burden of proof upon the first

removal. The Fifth Circuit's liberal allowance of subsequent removals does not allow for multiple attempts to obtain evidence it could have presented previously.

This Court concludes Marriott's second removal is based upon the same grounds supporting its first removal, as it relies upon the same speculative and inconclusive arguments, and it is supported by evidence and information available at the time of the first removal. Because Judge Biery analyzed these same arguments and speculative information in the first removal, this second removal serves as an attempt to correct its previous errors to gain another attempt at removal. Accordingly, this Court concludes Marriott's second removal is impermissible.

### Request for Attorney Fees

An order remanding a case to state court may require "the payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). An award of attorney fees is not automatic upon remand but may be awarded only upon a finding that the removing party lacks an objectively reasonable basis for removal. *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005); *Valdes v. Wal–Mart Stores, Inc.,* 199 F.3d 290, 292 (5th Cir. 2000).

This is Marriott's second removal resulting in remand. Marriott presents no new evidence, event, other paper or information that was unavailable at the time of the first removal. This second removal is not based upon any facts or arguments that were not previously reviewed and analyzed by Judge Biery. Therefore, Marriott lacks an objectively reasonable basis for this second removal, and the Court grants Leininger's request for recovery of attorney fees, expenses, and costs incurred in presenting this second Motion to Remand.

Leininger shall submit to this Court within five days of the date of this Memorandum Opinion and Order a motion for attorney fees, expenses, and costs incurred in filing and defending this second Motion to Remand, with requisite evidentiary support and documentation. Marriott must respond to the Motion within seven days of the date of its' filing.

**Conclusion**

For the reasons stated, Marriott's second removal is improper and impermissible, and Leininger's Motion to Remand is **GRANTED** such that this case is **REMANDED** to the 37th Judicial District Court of Bexar County, Texas. Leininger's request for attorney fees, expenses, and costs is **GRANTED** based on this Court's finding that this second removal is objectively unreasonable.

The Clerk of the Court is **DIRECTED TO DELAY** sending a certified copy of this Order to the clerk of the state court until further Order from this Court following determination of the amount of attorney fees, expenses, and costs awarded.

It is so ORDERED.
SIGNED this 21st day of January, 2022.

JASON  PULLIAM
UNITED STATES DISTRICT JUDGE